IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff-Respondent, | ) | Case No.   CV-10-141-E-BLW |
| | ) | CR-06-259-E-BLW |
| v. | ) | |
| | ) | **MEMORANDUM DECISION** |
| JAMES C. GOODWIN III, | ) | **AND ORDER** |
| | ) | |
| Defendant-Movant. | ) | |
| | ) | |

Pending before the Court is James C. Goodwin III's ("Goodwin") Motion to

Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255 (Docket No.

1) and Application to Proceed In Forma Pauperis (Docket No. 3).  The Court has

reviewed Goodwin's Motion, supporting Memorandum (Docket No. 2), Response

to Motion for Extension of Time (Docket No. 9), and the record in the underlying

criminal case.  For the reasons set forth below, the Court summarily dismisses the

§ 2255 Motion without requiring a response from the Government.

## BACKGROUND

Goodwin pled guilty without a Plea Agreement to one count of possession of

child pornography.  More specifically, he pled guilty to possession of a computer

disk containing visual depictions of minors engaging in sexually explicit conduct

**Memorandum Decision and Order - 1**

that had been transported in interstate and foreign commerce.  On August 30, 2007,

the Court sentenced him to a term of imprisonment of 120 months to be followed

by twenty (20) years of supervised release.  *Judgment* (Docket No. 27 in criminal

case).  He timely appealed various sentencing issues.  On July 29, 2008, the Ninth

Circuit rejected his arguments and affirmed the Court's Judgment.  *USCA Mem.*

*Dec.* (Docket No. 37 in criminal case).  Goodwin did not file a petition for a writ of

certiorari in the United States Supreme Court.

On March 12, 2010, Goodwin filed the pending § 2255 Motion alleging that

the Government had insufficient evidence and lacked jurisdiction to charge the

offense, that the Court lacked jurisdiction to impose sentence, that counsel was

ineffective, and that he was actually innocent of the offense.  He premised his

arguments on all points on the contention that there was no evidence establishing

the requisite interstate commerce element of the offense.[1]

## STANDARD OF LAW

---

[1]  Goodwin's entire § 2255 Motion is based on *United States v. Schaefer*, 501 F.3d 1197
(10th Cir. 2007).  *Schaefer* held that the fact that in "many, if not most, situations the use of the
Internet will involve the movement of communications or materials between states" did not
dispense with the need for evidence of interstate movement.  However, *Schaefer* has been highly
criticized.  *See, e.g., United States v. Mellies*, 329 Fed. Appx. 592 (6th Cir. 2009) (*Schaefer*
"stands alone and has been rejected by every court that has considered the issue") (collecting
cases); *United States v. Gouin*, 2008 WL 1886158 (W.D. Wash. Apr. 24, 2008).

Title 28 U.S.C. § 2255 provides four grounds under which a federal court

may grant relief to a federal prisoner in custody who challenges the imposition or

length of his or her incarceration: (1) "that the sentence was imposed in violation

of the Constitution or laws of the United States;" (2) *"that the court was without*

*jurisdiction to impose such sentence;"* (3) "that the sentence was in excess of the

maximum authorized by law;" and (4) that the sentence is otherwise "subject to

collateral attack."  28 U.S.C. § 2255(a) (emphasis added).

Generally, motions pursuant to 28 U.S.C. § 2255 must be filed within one

year of "the date on which the judgment of conviction becomes final."  *See* 28

U.S.C. § 2255(f)(1).[2]  In a case, such as the present one, where an appeal from the

---

[2]  The limitation period for filing a § 2255 motion runs from the latest of--

> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

**Memorandum Decision and Order - 3**

federal conviction was pursued in the Ninth Circuit but no petition for certiorari

was pursued in the United States Supreme Court, the conviction becomes final, and

the one-year period within which to file a § 2255 motion begins to run, ninety days

after the Ninth Circuit's judgment is entered (*i.e.*, the time allowed to file for

certiorari in the Supreme Court).  *See United States v. Aguirre-Ganceda*, 592 F.3d

1043, 1045 (9th Cir. 2010) (citing *Clay v. United States*, 537 U.S. 522, 527

(2003)).  *See also United States v. Garcia*, 210 F.3d 1058 (9th Cir. 2000).

## DISCUSSION

The Ninth Circuit entered its Judgment affirming Goodwin's conviction on

July 29, 2008.  Therefore, Goodwin's conviction became final on October 27, 2008

(*i.e.*, ninety days after the Ninth Circuit's Judgment was entered) and the deadline

for filing his § 2255 motion was therefore October 27, 2009.  However, Goodwin

did not file his § 2255 Motion until March 12, 2010, almost six months after that

deadline had passed.

In apparent recognition that his § 2255 Motion was untimely, Goodwin

asserted therein that it was timely because jurisdictional claims may not be

defaulted, that a defendant need not show cause to justify his failure to raise a

jurisdictional claim, and that he is actually innocent.  He continued those

arguments in his Response to the Government's Motion for Extension of Time.

**Memorandum Decision and Order - 4**

*Response to Motion for Extension* (Docket No. 9 in civil case).  Goodwin's

arguments are without merit.

## A.     Statute of Limitations

Section 2255 does not exclude jurisdictional claims from the one-year

limitations period.  "Nothing in the language of § 2255 suggests that jurisdictional

challenges are exempt from the one-year limitations period.  To the contrary,

§ 2255(f) explicitly states that the limitations period 'shall apply' to all motions

made under § 2255."  *Barreto-Barreto v. United States*, 551 F.3d 95 (1st Cir.

2008).  *See also United States v. Williams*, 2009 WL 3230399 (N.D. Fla. Oct. 2

2009); *Drobil v. Barnhart*, 2009 WL 4885000 (E.D. Mich. Dec. 11, 2009); *United

States v. Hicks*, 2009 WL 1620430 (E.D. Mich. Jun. 9, 2009) (collecting cases).

Contrary to Goodwin's argument, at issue is not whether he procedurally

defaulted on his jurisdictional claim.  Procedural default occurs when a defendant

fails to raise a particular issue at trial or on appeal prior to raising it in a collateral

proceeding.  *See Bousley v. United States*, 523 U.S. 614, 622 (1998).  To raise the

defaulted issue, the defendant must show either cause and prejudice for failing to

raise the issue earlier or actual innocence.  *Id.*  Procedural default is a separate

issue entirely from the issue of whether a claim is timely raised.  If Goodwin had

raised a valid jurisdictional claim in a timely filed § 2255 motion, he would have

**Memorandum Decision and Order - 5**

been permitted to pursue it despite having failed to raise it on appeal.  *See United States v. Cotton*, 535 U.S. 625, 630 (2002) ("[D]efects in subject-matter jurisdiction require correction regardless of whether the error was raised in the district court.").  However, because he did not, his claim is barred pursuant to § 2255(f).

**B.     Equitable Tolling**

If a § 2255 motion is not timely filed under § 2255(f)(1), or under one of the other applicable statutory tolling provisions, a prisoner may be entitled to equitable tolling "if (1) [he] has diligently pursued his rights, and (2) extraordinary circumstances exist" that prevented timely filing.  *United States v. Aguirre-Ganceda*, 592 F.3d 1043, 1045 (9th Cir. 2010) (citing *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)).  However, equitable tolling is warranted in very limited circumstances.  *See Mendoza v. Carey*, 449 F.3d 1065, 1068 (9th Cir. 2006) (threshold is very high); *Miranda v. Castro*, 292 F.3d 1063, 1066 (9th Cir. 2002) (equitable tolling is unavailable in most cases).

Goodwin has not alleged any circumstances, much less extraordinary circumstances, that prevented his timely filing.  He does, however, assert actual innocence to overcome the limitation.  Neither the Supreme Court nor the Ninth Circuit has held that actual innocence may excuse an untimely § 2254 petition or

§ 2255 motion.  However, the Ninth Circuit has held that actual innocence *may* excuse an untimely § 2254 petition.  *See Majoy v. Roe*, 296 F.3d 770, 776-78 (9th Cir. 2002) (remanding for a determination of whether actual innocence had been established but declining to address in a "hypothetical context" the issue of whether it was applicable to excuse an untimely § 2254 petition).

## C.     Actual Innocence

Goodwin bases his actual innocence claim on the theory that the Government's failure to prove the allegedly jurisdictional interstate commerce element of the offense renders him factually innocent.[3]   *Mem.* at 25 (Docket No. 2).  He contends that his offense was solely intrastate.

"[P]risoners asserting innocence as a gateway to defaulted claims must establish that, in light of new evidence, 'it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt.'" *House v. Bell*, 547 U.S. 518, 536-37 (2006) (quoting *Schlup v. Delo*, 513 U.S. 298, 327 (1995)).  The standard for actual innocence claims "is demanding and permits review only in the 'extraordinary case.'" *Id*. at 538.  It is concerned with factual rather than legal innocence or insufficiency and therefore encompasses all

---

[3]   Goodwin's claim is similar to the claim raised and rejected in *United States v. Ratigan*, 351 F.3d 957 (9th Cir. 2003) (finding failure to prove that bank was federally insured at the time of the robbery was a question of legal sufficiency of the evidence and not of subject matter jurisdiction.)

**Memorandum Decision and Order - 7**

admissible evidence of guilt even if not presented during a plea colloquy or at trial.

*Bousley v. United States*, 523 U.S. 614, 623-24 (1998).  A gateway claim of actual

innocence requires "new reliable evidence – whether it be exculpatory scientific

evidence, trustworthy eyewitness accounts, or critical physical evidence – that was

not presented at trial. . . ."  *Schlup*, 513 U.S. at 324.

Goodwin's "new evidence" is essentially bare allegations that his internet

service provider, its server, and its billing services were all located within Idaho.

He fails to recognize, however, that the Government was relieved of the burden of

proving the interstate element of the offense by virtue of his plea.   A guilty plea

conclusively proves the factual allegations of the indictment.  *United States v.

Mathews*, 833 F.2d 161, 163 (9th Cir. 1987) (rejecting claim that there was no

proof that the defendant, who had pled guilty to kidnaping, had transported the

victim interstate).  *Id.*

As stated above, under *Bousley*, the Government can introduce any evidence

contesting an actual innocence claim that it could have presented at trial.  Had

Goodwin gone to trial, the Government would no doubt have met its burden given

the widely held view that the internet is "an instrumentality and channel of

interstate commerce."  *United States v. Sutcliffe*, 505 F.3d 944, 953 (9th Cir. 2007)

(addressing the required interstate commerce nexus in context of transmission of

**Memorandum Decision and Order - 8**

threats) (citing *United States v. Trotter*, 478 F.3d 918, 921 (8th Cir. 2007) (per

curiam) (quoting *United States v. MacEwan*, 445 F.3d 237, 245 (3d Cir. 2006))).[4]

Goodwin has not demonstrated the likelihood that "it is more likely than not

that no reasonable juror would have found [him] guilty beyond a reasonable

doubt." Certainly, Goodwin does not present the "extraordinary case" or the "new

reliable evidence" sufficient to open the gateway to a time-barred claim. Indeed,

the "evidence" is not even new. As the basis for his ineffective assistance of

counsel claim, Goodwin alleged that he discussed his theory with counsel prior to

entering his plea and counsel rejected it.[5]

## CONCLUSION

Because Goodwin did not file his § 2255 Motion until almost six months

after the expiration of the statute of limitations, it is subject to dismissal as

untimely. He has neither alleged circumstances justifying application of the

doctrine of equitable tolling nor has he demonstrated actual innocence to avoid

---

[4] *MacEwan* is particularly apt as it found that because the internet is an instrumentality and channel of interstate commerce, it did not matter whether the defendant downloaded the images from a server in his own state or from a server in another state. *MacEwan*, 445 F.3d at 145.

[5] To the extent Goodwin has asserted that ineffective assistance of counsel rendered him actually innocent of the offense, that claim is likewise rejected. Ineffective assistance of counsel inducing a guilty plea has been raised and rejected as an actual innocence claim. *See Jolly v. Gammon*, 28 F.3d 51, 54 (8th Cir. 1994) (finding claim to be one of legal rather than factual innocence).

**Memorandum Decision and Order - 9**

dismissal.  Accordingly, Goodwin's § 2255 Motion shall be dismissed.

## CERTIFICATE OF APPEALABILITY

A § 2255 movant cannot appeal from the denial or dismissal of his § 2255

motion unless he has first obtained a certificate of appealability.  28 U.S.C.

§ 2253(c); Fed. R. App. P. 22(b).  A certificate of appealability will issue only

when a movant has made "a substantial showing of the denial of a constitutional

right."  28 U.S.C. § 2253(c)(2).  To satisfy this standard when the court has

dismissed a § 2255 motion (or claims within a § 2255 motion) on procedural

grounds, the movant must show that reasonable jurists would find debatable (1)

whether the court was correct in its procedural ruling, and (2) whether the motion

states a valid claim of the denial of a constitutional right.  *Slack v. McDaniel,* 529

U.S. 473, 484 (2000).[6]   When the court has denied a § 2255 motion or claims

within the motion on the merits, the movant must show that reasonable jurists

would find the court's decision on the merits to be debatable or wrong.  *Slack,* 529

U.S. at 484; *Allen v. Ornoski*, 435 F.3d 946, 951 (9th Cir. 2006).

Recently amended Rule 11 of the Rules Governing § 2255 Proceedings

---

[6]  The requirements for a certificate of appealability for a § 2255 appeal do not appear to differ from the requirements for a certificate of appealability for a § 2254 habeas petition related to a state conviction.  *See United States v. Asrar*, 116 F.3d 1268 (9th Cir. 1997).  Therefore, cases addressing the requirements in the context of a § 2254 proceeding are pertinent to a § 2255 proceeding as well.

**Memorandum Decision and Order - 10**

provides that the district court must issue or deny a certificate of appealability at

the time it enters a final order adverse to the movant.  Rule 11(a), 28 U.S.C. foll.

§ 2255.  After carefully considering the record and the relevant case law, the Court

finds that reasonable jurists would not find the Court's determination that the

§ 2255 Motion is untimely to be debatable or wrong.  Accordingly, a certificate of

appealability will not issue.

## ORDER

NOW THEREFORE IT IS HEREBY ORDERED  that Goodwin's Motion to

Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255 (Docket No.

1) is DISMISSED with prejudice.

IT IS FURTHER HEREBY ORDERED that no certificate of appealability

shall issue.  Goodwin is advised that he may still request a certificate of

appealability from the Ninth Circuit Court of Appeals, pursuant to Federal Rule of

Appellate Procedure 22(b) and Local Ninth Circuit Rule 22-1.  To do so, he must

file a timely notice of appeal.

IT IS FURTHER HEREBY ORDERED that if Goodwin files a timely notice

of appeal, and not until such time, the Clerk of Court shall forward a copy of the

notice of appeal, together with this Order, to the Ninth Circuit Court of Appeals.

The district court's file in this case is available for review online at

**Memorandum Decision and Order - 11**

www.id.uscourts.gov.

IT IS FURTHER HEREBY ORDERED that Goodwin's Application to

Proceed in Forma Pauperis (Docket No. 3) is MOOT.

DATED:  **June 9, 2010**

Honorable B. Lynn Winmill
Chief U. S. District Judge

**Memorandum Decision and Order - 12**